Would the clerk please call the last case of the morning? 315-0311, Corn Belt Energy Corporation v. Workers' Compensation Comm'nation. Brad Elword on behalf of Corn Belt Energy. Your Honors, there are two issues that we've raised in our briefs. One relates to causal connection, the other relates to permanency. We'd like to defer the argument on causal connection to the brief, and we'd like to address the issue of permanency. What we're asking the Court to do today is to determine what burden should be placed on a petitioner by Section 8.1b of the Work Comp Act, and this is what we in the practice refer to frequently as the AMA rating report. The formal title is determination of PPD. This Court has already addressed one case this fall dealing with AMA rating reports, the Continental Tires of America case. And if you recall in that case, the holding was that a zero disability report, zero AMA disability report, did not mandate a zero permanency award, but rather was to be one of the five factors considered by the Commission in determining the level of permanency. The difference between that case and our case is here, the claimant did not offer a report. In fact, there is no report. So the issue that we have before the Court today is one of first impression. We're asking this Court to do one of two things respecting the permanency report. First, we're asking you to hold, as a matter of law, that an AMA rating report is required as a part of a claimant's case in chief. Didn't we reject it, though, Mr. Elwood, in Continental Tire? Didn't we reject the employer's request stating the statute does not require the claimant to submit a written physician's report? Your Honor, I would say I read that in that decision, and I think it's dicta. I don't think that issue was squarely before the Court. The question was there was a report presented by the respondent in that case. Actually, I think the report may have been obtained by the respondent presented by the petitioner. But nevertheless, the issue came up. It was discussed at oral argument on several different occasions. But the real question, as I read that decision, was whether or not a zero rating report mandated a zero funding, a permanency. And this Court said no. You have to consider that along with the other four remaining factors. But you've got a two-part agreement. Even if we rejected your argument that a report is mandatory on behalf of the claimant, you're still saying here the Commission did not set forth and specifically weigh the factors, correct? That's correct. That's the second leg of our argument. That is correct. With respect to the mandatory nature of the report, what we're asking here is for the Court to look at the wording of 8.1b and the language in several places. When we read that in conjunction with a petitioner's burden to establish their case, we believe that that is a mandatory report that they must obtain and submit. And we say that for this reason. The title of the section, as we know, is the Determination of Permanent Partial Disability. That's the petitioner's burden in a case. The Act says that this is how we shall establish PPD for accidents that occur after September 1, 2011. And it lays out the criteria, the AMA report, in consideration with the four remaining factors. When we look at the bottom, subparagraph b, we say that in determining the level of permanent partial disability, the Commission shall base its determination on the following factors, one of which is the AMA report. Then at the end of that paragraph, it says, in determining the level of disability, the relevance and weight of any factors used, in addition to the level of impairment, as reported by the physician, must be explained in a written order. That's mandatory. Must means must. Yes. It wasn't done here, therefore the statute was violated, right? Absolutely. And we're asking for a rule of law here that says that it is required by a petitioner to present an AMA report as part of their case. Wait a minute. The statute doesn't say the requirement is on the petitioner. It says that you shall base its determination on the following factors, the reported level of impairment pursuant to subsection A. Now, the fact of the matter is, if a respondent submitted an AMA report, or an American Medical Association report or whatever is required on permanency, are you meaning to tell me that wouldn't satisfy the statute? I think if a respondent submitted that, we'd have to look at the case. The cases right now, Your Honor, are kind of, if you look at the commission cases, and I know we don't do that typically, but just to give you some background, the cases at the commission level are all across the board right now. From the standpoint of many cases, the respondents and the petitioners are agreeing that no one is going to offer a report. That wasn't my question that I asked you, Mr. Oliver. Do you find any authority in this statute that suggests the report must come from the petitioner, or that there merely must be a report? The statute itself does not articulate that in those clear terms. But the problem is, when we read the statute as a whole, and we consider whose burden it is to establish permanency. Wait a minute. Hold on, hold on. We know it's the claimant's obligation to establish permanency. Right. But he doesn't have to establish it only based upon the evidence he produces. He may very well establish it based on the evidence you produce. But we believe the way this statute is worded, Your Honor, by saying that the permanency shall be established in the following manner, and then specifying that report, by placing the burden on the respondent to establish permanency. That's, I think, exactly what happened. Mr. Elwood, I didn't say that the respondent had the burden. I only said that the only thing the statute requires is that there shall be a determination based upon, and one of the issues is a report, regardless of who produces it. If nobody produces it, then in that particular case, the statute isn't satisfied. I think I threw you a big softball. I agree with you on that aspect. He doesn't throw many softballs at us. You've got to pick up on him when I pitch him over the bench. I don't do it very often. Can you explain, just generically, this AMA report? I mean, is there any variance? I mean, can the claimant and the respondent produce different AMA reports? Yes, it has happened. They tend to be rather close to one another because it's a very detailed analysis. It's kind of like the sentencing guidelines in the old federal court, okay? There's some wiggle room, but they seem to all come to the same conclusion. Is that right? I think they're close. I don't know if they all come to the exact same conclusion. So at least it could be disputed that your report is more accurate to a fact finder than their report. That's correct. Okay, so it could be a disputed. It could be evidence presented by either party that's in dispute. One has to be accepted or more likely accepted by the fact finder. I think that's an option. I think that's an option to have two reports. But your argument is if the record is devoid of any AMA report, it's just completely, the case can't be decided. Well, in this case, this is where I was going. Is that a fair summary? Yes, it is exactly a fair summary. And in this case, I think given the statement that the commission made in 2011 right after the amendments were passed, I think in this case, I think the fairest thing would be to do if the court decides that this is, in fact, a mandatory requirement on behalf of the petitioner as part of the case in chief, is to simply remand it and require a report be submitted. Because I'll admit, the commission was out there in 2011 saying, well, we don't think this reads as providing a report. And frankly, I think that carries as much weight as when I walk in and say the commission's decision and you say that's not here, Mr. Elbert, and we're not going to consider it. I want to examine the language of the statute itself. The statute says, in determining the level of permanent partial disability, the commission shall base its determination on the following factors, one of which is the report. Correct. It then turns around and says, no single enumerated factor shall be the sole determinant of disability. Correct. Okay. So the commission doesn't have to follow the report, but it has to base its determination upon the factors which include the report. Correct. And then it turns around and says, in determining the level of disability, the relevance and weight of any factor to be used, in addition to the level of impairment as reported by the physician, must be explained by the written report. So we know the level of disability must include in its determination the level of impairment reported by the physician on a report. I find no basis to suggest that it has to be submitted by the claimant or that there can only be one. But the fact of the matter is, in this case, there was no report. Correct. Is that correct? That is correct. So in that particular case, the commission is incapable of determining the level of impairment because it didn't consider the factors required under the statute. So what do we do with it? You ask for a remand. Rehearse a remand, right? Yeah. I think you do. But I think the court has to make a determination whose burden it is to present the report. Well, then you're not asking for a remand. You're saying there's a failure of proof. Correct. Because there was no report in the record, there is no evidence in the record to support an award of permanent partial disability. It was the claimant's burden reversed. It is not a remand. Well, I think you can do that. Now, it's one or the other. No, I agree. I agree. And I think you can do that. I was just saying my point in making that comment was simply this. At the time, 2011, I understand this court doesn't like harsh results. And you could find that a report is required, that a report is required to be submitted by the petitioner, and remand this case with an opportunity for them to do so based on the status of what the commission was saying in 2011 and 2012 when this case came about. I don't think that's unfair in this case. Going forward, if a report isn't submitted, then yes, zero. I think that's consistent. I'm just saying in this case, I know that you don't like harsh results, particularly in the case when you got a 2011 memo from the commission that says, well, we don't think that this report is necessary. Well, if somebody relies upon that to their detriment, all we're saying in this case is give them a chance to put in a report. But when we move forward, the report has to be part of their burden. Otherwise, we're going to be required to present evidence to establish permanency. And I think that's the problem that the employers have. Is this the model of clarity? No. I think you probably figured that out by now. It's not the model of clarity. But when we read it as a whole in conjunction with the law that says what a petitioner's burden of proof is, it has to be to establish permanency in their case. And to do that, they have to bring in an AMA report. And that's what we're saying. Which does not prohibit you as a respondent from bringing in an AMA report. Absolutely. And so now becomes a dispute that's to be decided by a fact finder. Exactly. And when you read over the very sparse, I'll agree, legislative history in this case, one of the sponsors was actually discussing the fifth factor, evidence of disability corroborated by medical treating records. And he said, well, the reason we have that included in this provision is in case an employer is going to offer a report to rebut the AMA report of the petitioner so that the commission can then look at the records and see what the foundation is underlying the two reports. That's what they included the fifth factor for. So they're contemplating two reports, the employer's ability to bring one, and this is a factor that's supposed to help the commission weigh in. Well, yeah, but we don't look at legislative history unless we find what? Ambiguity. Right. But, Your Honor, I was just told that we have an ambiguity about whether or not this, particularly this statute, says that it's a burden on the plaintiff. And I agree that it's not crystal clear. But not on the requirement of the report. I think the requirement of the report is set. There needs to be a report. And I think the option of us to submit a report, I think that's a given. But the other interesting question that you've alluded at a couple of times, and I'd like to talk about, is how do we discuss these factors when the commission does assess the permanency? And the problem that I have with this case and the problem that I had with the Continental case is that the factor analysis is basically lip service. If you look at the factor analysis in this case, and we see occupation of the injured employee. He says, well, he was a lineman, and he talks about, the commission talks about how the accident happened. That doesn't in any way explain how you get to a permanency rating. The second one, the age of the employee at the time of the injury. He was 42. I guess my response to that is just to be kind of rough and say, so what? Explain to us why being 42 years old at the time of the accident causes a level of permanency or causes a diminishing level of permanency. And the problem with a report like this that doesn't give us a basis is how do I come argue that to you? How do I walk into this court without any defined explanation of what the factors are and why they're important and have any meaningful opportunity to review those and say, the commission goofed up here because when they looked at the age, they concluded X, Y, Z. They just didn't say he's 42. And they did the same thing with the rest of the factors in this case. Future earning capacity. That favors me. He's now working as a serviceman, and he makes more. How does that warrant any disability? I don't understand that. Evidence of disability corroborated by the medical. At most, he says, well, the petitioner says he's able to, it doesn't affect his ability to do his current job. Again, how does that affect permanency? So what we're asking is aside from the factor of the report and whose burden it is, when a report is given and when permanency is determined, have the commission spell out and talk about why they're adopting the report or why they're moving away from the report or why they're looking at different factors in the analysis and saying this is important and justifies permanency or this is not important and doesn't justify permanency. Because otherwise, how are any of us ever going to be able to walk in here and review if all you're looking at is piece 42? It doesn't tell us anything. So we need some guidance on that, and they need some guidance, and they need to be able to tell us what the grounds are so that we have a basis to refute that and come up and argue a manifest way. Doesn't the last sentence of that section say that, answer that? Well, I think it tells us exactly that, but I don't think they've been following it, and we're asking that they be required to follow it. This report that they did, that the commission did in this case, this analysis. Well, in your argument, this case fails because there's no report. So even the discussion of weight and relevance of these factors is superfluous. Well, it depends what you rule. I said your position. It's an alternative argument. You've got a fallback. Even if we don't require the report, they display the factors, so it should be remanded. Exactly. Do you find any relevance to our prior decision in Continental to the effects of this case? No, I don't. I was hoping from some of the remarks in the oral argument that it might be a little bit more well-received, but I don't think that is the case. In Continental, there was a report. There was. That's correct. Continental wasn't a case where there was no report. There was a report. That's right. I agree with you. I agree with you. Thank you. Thank you, Counselor. Counselor, you may respond. Good morning. My name is Mark Wilson. I represent the appellee in this case, James Lind. The way I interpreted the Continental Tire case is that if an impairment rating report is submitted, it must be considered. It can be rejected and not followed at all, but it must be considered if submitted into evidence, along with the other four factors set forth in Section B. That being the occupation of the injured person, the age of the employee, the employee's future earning capacity, and the evidence of disability. So Continental basically said it's almost voluntary? If that's the quote, if, if, if it's submitted? And so you're saying we've already decided that issue? The way I interpreted the Continental Tire cases is the statute does not require the claimant to submit a written physician's report. It only requires that the commission, in determining the level of the claimant's permanent partial disability, consider a report that complies with the section. What I'm saying is, is that it's not necessarily saying that one has to be submitted, because if one would have to. You didn't finish the sentence, Counselor. The sentence says a report that complies with subsection A, regardless of which party submitted it. In addition, subsection B does not specify the weight that the commission must give to the physician's report. Instead, 8-1BB states, no single enumerated factor shall be the sole determinant of disability. Where does it say that it is optional that this issue can be decided without a report? Well, Your Honor, I thought that Judge Hollerick's, the circuit court judge on this case, that. We don't care what the judge said. Okay. We have to determine the statement. Okay. Looking at the rules of construction. Well, does it say anywhere in Continental that it's optional? No. No, it doesn't. It only says that it's not required to be submitted by the claimant. And there was a report, and therefore it had to be considered. I interpreted the case as it not being mandatory. Obviously, this court ruled on it, so you obviously have strong feelings about the reason it was. Well, let me try this again. The statute does not require the claimant to submit a physician's report. It only requires the commission in determining the level of claimant's permanent partial disability consider a report that complies with subsection 8 regardless of which party submitted it, which doesn't suggest that it's optional. Your Honor, I disagree that it's mandatory because. Well, I know you disagree with me. Okay. I'm just telling you that Continental has nothing to do with this case. What has something to do with this case is the interpretation of subsection B in the statute, which says that in determining the level of permanent partial disability, the commission shall base its determination on the following factors, and number one is the report. Yes. And then later on in section B, it talks about the fact that no single enumerated factor shall be the sole determinant of disability. We understand that. So, Your Honor. They can deviate from what the report says. My argument is that if the impairment rating report is found to be mandatory, it would have the effect of that factor ruling the day over the other four factors. We do forget the last sentence. In determining the level of disability, the relevance and weight of any factors used, in addition to level of impairment as reported by the physician, must be explained in a written order. So, I mean, we understand it's not determinative, but the fact of the matter is it has to be submitted. Now, the question becomes, what do we do with it if it isn't? Is it a failure of proof, as Mr. Elwood says, and then, therefore, no permanent partial disability can be awarded, or do you get a do-over to submit a report? Under that scenario, of course, I would propose a do-over. Well, you want one.  Basically, your position, perhaps, is you never got a commission decision that complies with the Act. So why are we here? Well, my position with regard to, if I could get back to the plain meaning of the rule, because I don't want to concede that such a report is mandatory. Because the statute does not clearly state that a report is required. That's correct. And also, the plain meaning rule dictates that statutes are to be interpreted using the ordinary meaning of the language of the statute, unless doing so would lead to an absurd result. And adopting the position being advocated by the appellant of a report being mandatory, it would lead to the absurd result of taking the permanent partial disability determination out of the hands of the commission. Which negates the section of the statute that says no factor shall be determinative. It doesn't take it out of the hands of the commission. It merely makes it a factor that they must consider. Now, we have a ton of cases that say, if the commission is required to consider a series of things, but they fail to consider one of those things, they've not complied with the statute. And it says in here they shall consider the report. It's not determinative, but they shall consider it. That will go into the manifest way, depending on what the other factors have to say. Right. You want to turn around and say they don't have to consider a report at all. No, no. I was saying if the report is in evidence, it has to be considered. That was my interpretation of Continental Tire. However, I did not interpret it as it being something mandatory that had to be provided. Continental Tire didn't say it was mandatory. But it didn't say it was optional either. Right. It never addressed the issue. Yes. It wasn't the issue. That's correct. Not that we don't address the issues in cases on many occasions. I wanted to address the analysis of the remaining four factors in the commission decision as well. I kind of went through in my brief. And counsel went through each of the factors and was being critical of the commission's evaluation. And one of the things here is that the award was only a 3% person that was awarded. And what I thought was important here is this person did have a job change. And granted, he did not have a diminishing in earnings because I believe he was getting the same pay afterwards. But if we're looking into the future of this gentleman, I believe that it is reasonable, if he cannot do physical work, that he is going to suffer a loss in future earning capacity. And what evidence is there on that? I think it's a reasonable inference. And I believe when you take into consideration also the change in the symptoms, there was some indication that there was a worsening of the symptoms after this accident. Because he did have some preexisting condition. But after this accident occurred, there was an increase in his symptoms to which they were radiating down the legs. And I think when you take into consideration that as well as the job change, that 3% is an adequate award and is certainly not against the manifest way of the evidence. Any questions? I don't believe there are. Okay. Thank you, counsel. Thank you. Counsel, you may have time on reply. We agree that a 3% award of permanency or here about $10,600 is not a great amount of money. But the questions that are presented in this case are questions of big principles. And they're very important. They're principles on the requirement of an AMA report. Who has to offer the AMA report? And how is a commission to describe an award of permanency when it does render an award of disability or PPD? And I think those are huge issues that will affect a number of cases. So this is the perfect case for us to utilize to bring that before you. On the issue of the burden of proof, again, I point to the general law that says it's petitioner's burden to establish their case. And one of the elements of their case is permanency. And when the act says permanency shall be established using the following criteria, to us, that suggests that that is a burden on the petitioner. Well, let me ask you this, though. We're not talking burden of proof. You're still talking about the report? Yes. That's not burden of proof. That's burden of production. I think the burden of production and burden of proof in here go hand in hand. Yeah, but we rejected it in Continental. We rejected it. Well, I don't know. All right. I agree with your statement from the standpoint it's in there. But I think it was dicta. I don't think that was a real issue before the court. Well, that's for you to decide, but that's my opinion. But if we're talking about does it have to be there, we're talking production. Okay. But there's a difference between does the report have to be there and who has to present the report. Well, that's what I wanted to say. I understand, but I just wanted to clarify in the law production versus proof. Right. Okay. Hay reads, you're right, shall be established a physician licensed to practice medicine in all of his branches preparing a permanent partial disability impairment report. Why doesn't it say on behalf of the claimant? It doesn't. It could have said that if it wanted to. It could have. Well, the fact that it's not there, doesn't that tell you it's not required? Not when we read it in the context of what a petitioner's burden is in the case. Because here's what happens. The burden of what you want us to say, I think, is that burden of production falls on the claimant because burden of proof and the act is on the complainant. Yes. Exactly. Okay. Exactly. And I think the problem is if we say that a report is required and the absence of a report goes to failure of proof, but yet I'm supposed to offer a report. Hold on, hold on, hold on. Wait a minute. Wait a minute. No one said you had to offer the report. It merely requires that a report be considered without regard to who produces it. If there is no report, then it's a failure of proof. If you introduce the report and he introduced none, they could consider that report and the statute would be complied with. Why in heaven's name you would produce a report under those circumstances mystifies me. But the fact of the matter is the commission consider evidence regardless of who produces it. I agree with that. But what happens is the way I'm reading your comments are if we're in an arbitration and the petitioner says I'm not going to get a report and so we go to arbitration without a report, then I'm looking at this as an employer and say, okay, now do I go get one? No. He loses on permanency. He loses on permanency and he gets a zero. End of story. End of story. So what's the difference between that and the burden being on the petitioner to present one? Then what's the difference between that scenario and the burden being on the petitioner to present one? I agree with your remarks on that. Because the evidence can come from either side of the aisle. If you make the mistake and introduce that report, you satisfy his burden. I follow you. I follow you. Thank you. Thank you, Council, both for your arguments and matters this morning. We'll be taking our advisement and disposition shall issue from standard recess until 1.30.